**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALANA MARIE ORR, *on behalf of*
*her minor child, O.O.,*

                                                                1:26-cv-332 (BKS/PJE)

                                    Petitioner,

v.

STATE OF NEW YORK, ANTHONY T.
MCGINTY, KERI SAVONA, AMY
INGRAM, MATTHEW SEAN KEHOE,
ULSTER COUNTY FAMILY COURT, and
ULSTER COUNTY,

                                    Respondents.

**Appearances:**

*Plaintiff pro se:*
Alana Marie Orr
Albany, NY 12201

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Petitioner pro se Alana Marie Orr brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking review of a custody order imposed by the Ulster County Family Court. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Paul J. Evangelista for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On May 1, 2026, Magistrate Judge Evangelista issued a Report-Recommendation recommending that the petition be denied and dismissed. (Dkt. No. 6). Petitioner filed timely objections to the

1

Report-Recommendation. (Dkt. No. 7). For the reasons that follow, the Report-Recommendation is adopted.

## II.    STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report[-]Recommendation must be specific and clearly aimed at particular findings in the magistrate [judge]'s proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III.    DISCUSSION

Petitioner seeks review of a custody order imposed by the Ulster County Family Court regarding her minor daughter, O.O. (Dkt. No. 1). Petitioner asserts that O.O.'s father, "the perpetrating parent," "was awarded full legal and physical custody"; that the Ulster County Family Court terminated Petitioner's rights without due process of law; and that O.O. "has been unlawfully detained . . . into the custody of the perpetrating parent." (*Id.* at 1–2, 4). Petitioner seeks a writ of habeas corpus directing "the immediate return of O.O. to protective custody of"

Petitioner, asserting that O.O.'s "unlawful custody" was "imposed by order of state court (Ulster County Family Court) in violation of Plaintiffs' fundamental constitutional rights." (Dkt. No. 1, at 1, 7).[1]

Magistrate Judge Evangelista recommended that the petition be denied and dismissed because this Court does "not have jurisdiction to review by means of a habeas application a state court's child custody determination." (Dkt. No. 6, at 4) (quoting *Middleton v. Attorneys General of States of N.Y., Pennsylvania*, 396 F.3d 208, 209 (2d Cir. 2005).[2]

In her objections Petitioner asserts, inter alia, that the Court has jurisdiction under the All Writs Act, and that the Report-Recommendation violates the mandate rule from a different case previously filed by Petitioner. (Dkt. No. 7, at 4, 5). Having reviewed Petitioner's objections de novo, the Court finds that they are without merit. Magistrate Judge Evangelista correctly determined that this Court does not have jurisdiction to review the state court's child custody determination under § 2254 because O.O. is "not in state custody within the meaning of section 2254." *Middleton*, 396 F.3d at 209 (holding that because children placed in foster care are "not in state custody within the meaning of section 2254, the federal courts do not have jurisdiction to review by means of a habeas application" that custody determination).

Nor does the All Writs Act provide a basis for jurisdiction. The All Writs Act "does not confer jurisdiction on the federal courts." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002); *see Stephenson v. Dow Chem. Co.*, 346 F.3d 19, 21 (2d Cir. 2003) (noting that the All Writs Act "does not itself create jurisdiction"). And "[w]here a statute specifically addresses the

---

[1] Petitioner also sought a temporary restraining order and preliminary injunction directing that O.O. be placed in Petitioner's custody; preventing further contact between O.O and her father pending a full hearing; and "[e]njoining 'state actors' from interfering with Plaintiff's constitutional parent rights." (Dkt. No. 1 at 7). The Court denied those requests on March 4, 2026. (Dkt. No. 4).

[2] Magistrate Judge Evangelista further noted that even if the Court interpreted the petition as seeking review of the custody arrangement under 42 U.S.C. § 1983, the claim would fail under the domestic relations abstention doctrine and the *Rooker-Feldman* doctrine. (Dkt. No. 6, at 4–6).

particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.,* 474 U.S. 34, 43 (1985). Federal courts have repeatedly rejected attempts to use the All Writs Act to challenge child custody orders. *J.O.B. v. United States*, No. 3:23-cv-217, 2024 WL 4011825, at *36 (S.D. Ohio Aug. 30, 2024); *see also Braun on behalf of C.B. v. North Carolina*, No. 3:23-mc-7-RJC, 2023 WL 425399, at *2 (W.D.N.C. Jan. 26, 2023) ("Liberally construing this action as seeking relief under the All Writs Act...it cannot proceed…federal habeas has never been available to challenge parental rights or child custody.").

Finally, Petitioner's assertion that the Report-Recommendation violated the mandate rule is without merit. The mandate rule "requires a trial court to follow an appellate court's previous ruling on an issue *in the same case*." *United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir. 2002) (emphasis added). Petitioner relies on a Second Circuit summary order arising out of a different case filed by petitioner, *Orr v. McGinty*, No. 17-cv-1280, filed in the Northern District of New York on November 21, 2017. In *Orr v. McGinty*, the Second Circuit dismissed an appeal arising out of a lawsuit Petitioner had filed under the Americans with Disabilities Act (ADA) against an Ulster County Court Family Judge asserting that he failed to make a reasonable accommodation for her post-traumatic stress disorder during child custody proceedings. (No. 17-cv-1280, Dkt. Nos. 160, 162, 172). The district court granted the summary judgment motion filed by the family court judge and dismissed the case. *Id.* at 160. The Second Circuit dismissed Petitioner's appeal from that ruling concluding that the appeal "lacks an arguable basis either in law or in fact." *Orr v. McGinty*, No. 22-2022 (2d Cir. Aug. 14, 2024). However, because the Circuit Court found that the children's claims should have been dismissed without prejudice, the Second Circuit modified the district court's judgment accordingly. Petitioner's suggestion that

4

this mandate somehow applies to this habeas petition, and that the mandate was violated by the Report-Recommendation is without merit.

The Court has reviewed the remaining specific objections de novo and found that none have merit. Because the Court agrees with Magistrate Judge Evangelista that the Court does not have jurisdiction under § 2254 to review the state court's custody determination, the petition must be dismissed.[3]

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Evangelista's Report-Recommendation (Dkt. No. 6) is **ADOPTED** in its entirety, as set forth above; and it is further

**ORDERED** that the petition seeking a writ of habeas corpus (Dkt. No. 1) is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk is directed to enter judgment and close this case; and it is further

**ORDERED** that no certificate of appealability under 28 U.S.C. § 2253(c)(2) shall issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right;[4] and it is further

---

[3] Because Petitioner seeks an order releasing her daughter from the state court's custody determination, and this Court has concluded that it lacks jurisdiction over this matter, it does not consider Petitioner's objections concerning the domestic relations exception to federal jurisdiction, the *Rooker-Feldman* doctrine or *Younger* abstention.

[4] Any further request for a certificate of appealability must be addressed to the Court of Appeals. Fed. R. App. P. 22(b).

**ORDERED** that the Clerk serve a copy of this Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>July 1, 2026</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

6